UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA GANDARA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>　　　　Defendant. | No. 2:16-cv-01191 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[2] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 18, 2017). She is therefore substituted as the defendant in this action. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

|   |   |
|---|---|
| 1 | I. PROCEDURAL BACKGROUND |
| 2 | Plaintiff applied for supplemental security income on July 24, 2012.  Administrative |
| 3 | Record ("AR") 175 (Exh. 1D).[3]  The disability onset date was alleged to be March 1, 2010.  AR |
| 4 | 16 (decision).  The applications were disapproved initially, and on reconsideration.  Id.  On |
| 5 | September 16, 2014, Administrative Law Judge ("ALJ") Cynthia Floyd presided over the hearing |
| 6 | on plaintiff's challenge to the disapprovals.  AR 32-70 (transcript).  Plaintiff was present and |
| 7 | testified at the hearing.  Id.  Plaintiff was represented by attorney Lars C. Christenson at the |
| 8 | hearing.  Id.  Bonnie Sinclair, a vocational expert ("VE"), also testified at the hearing.  Id. |
| 9 | On October 24, 2014, the ALJ issued an unfavorable decision, finding plaintiff "not |
| 10 | disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR |
| 11 | 16-27, 28-31 (list of exhibits).  On March 30, 2016, the Appeals Council denied plaintiff's request |
| 12 | for review, leaving the ALJ's decision as the final decision of the Commissioner of Social |
| 13 | Security.  AR 6-8 (appeals council decision). |
| 14 | Plaintiff filed this action on June 1, 2016.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). |
| 15 | The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 7, 9.  The parties' |
| 16 | cross-motions for summary judgment, based upon the Administrative Record filed by the |
| 17 | Commissioner, have been fully briefed.  ECF Nos. 14 (plaintiff's summary judgment motion), 15 |
| 18 | (Commissioner's summary judgment motion), 16 (plaintiff's reply). |
| 19 | II. FACTUAL BACKGROUND |
| 20 | Plaintiff was born on May 20, 1973, and accordingly 39 years old on the application date. |
| 21 | AR 26.  Plaintiff has a limited education, and can communicate in English.  AR 26. |
| 22 | III. LEGAL STANDARDS |
| 23 | "[A] federal court's review of Social Security determinations is quite limited."  Brown- |
| 24 | Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015).  The Commissioner's decision that a |
| 25 | claimant is not disabled will be upheld "unless it contains legal error or is not supported by |
| 26 | substantial evidence."  Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014).  "'The findings of |
| 27 | |
| 28 | [3] The AR is electronically filed at ECF No. 13-1 to 13-20 (AR 1 to AR 773). |

the Secretary as to any fact, if supported by substantial evidence, shall be conclusive….'"
Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

"'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Garrison, 759 F.3d at 1009. "While inferences from the record can constitute substantial evidence, only those reasonably drawn from the record will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation and internal quotation marks omitted).

The court reviews the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015); Attmore v. Colvin, 827 F.3d 872, 875 (9th Cir. 2016) ("[w]e cannot affirm … 'simply by isolating a specific quantum of supporting evidence'").

It is the ALJ's responsibility "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Thus, in reviewing the Commissioner's decision, this court does not substitute its discretion for that of the Commissioner. See Brown-Hunter, 806 F.3d at 492 ("[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency") (internal quotation marks omitted).

The court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Garrison, 759 F.3d at 1010. Finally, the court will not reverse the Commissioner's decision if it is based on "harmless error," meaning that the error "is inconsequential to the ultimate nondisability determination…." Brown-Hunter, 806 F.3d at 492 (internal quotation marks omitted).

////

////

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment….'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis,

the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since July 11, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: morbid obesity, bilateral knee degenerative joint disease and torn meniscuses, status post bilateral knee arthroscopy, diabetes mellitus, and cervical degenerative disc disease (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Residual Functional Capacity "RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry [20[4]] pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; and stand and walk 2 hours in an 8-hour workday. She can climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but never crawl. She must avoid concentrated exposure to dangerous machinery, unprotected heights, and uneven or slippery terrain. (20 CFR 416.967(b)).
>
> 5. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 416. 965).
>
> 6. [Age] The claimant was born on May 20, 1973 and was 39 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Education] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Transferability of job skills] Transferability of job skills is not material to the determination of disability because using the

---

[4] The ALJ stated plaintiff's RFC to include "10 pounds occasionally and 10 pound frequently" in this section, but in the rest of the decision the ALJ refers consistently to an RFC including "20 pounds occasionally and 10 pounds frequently." See AR 20, 23, 64. The court notes this as a typographical error.

5

> Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 9. [Step 5] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since July 11, 2012, the date the application was filed (20 CFR 416.920(g)).

AR 18-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614 of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 27.

## VI. ANALYSIS

Plaintiff argues the ALJ erred because she improperly relied on the testimony of the VE; and she failed "to articulate clear and convincing reasons for rejecting" plaintiff's pain testimony. ECF No. 14 at 7, 10.

### A. The ALJ's Treatment Of The VE's Testimony

Plaintiff argues that the ALJ failed to resolve the conflicts between the VE's testimony and the Occupational Outlook Handbook ("OOH"). ECF No. 14 at 8. Specifically, plaintiff argues that the jobs identified by the VE "require a high school education or more" and are inconsistent with plaintiff's "limited education." Id. The court finds the ALJ did not err.

Plaintiff contends that the jobs identified by the VE are "in facial conflict with the sources of administrative notice." ECF No. 14 at 8. Plaintiff cites to the OOH as a source, like the Dictionary of Occupational Tiles ("DOT"), of which the Social Security Administration takes administrative notice. Id. (citing to 20 C.F.R. § 416.966(d)(1)). However, plaintiff fails to provide authority for the proposition that an ALJ must *sua sponte* identify and take administrative notice of the educational requirements in the OOH, compare them with the VE's hearing testimony, and determine any inconsistencies. Plaintiff is correct that the ALJ is required to "ascertain, weigh, and resolve conflicts between the DOT and the testimony of a vocational expert" and that "failure to do so constitutes error." ECF No. 14 at 8 (citing to Massachi v.

Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (emphasis added).  However, plaintiff cites to no authority suggesting that the same rule applies to the OOH.

More fundamentally, defendant argues that this issue is waived because plaintiff failed to raise it during the administrative proceedings.  ECF No. 15 at 10 (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)).  Plaintiff counters that Meanel was overruled by the Supreme Court's holding in Sims v. Apfel in that "claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." 530 U.S. 103, 112 (2000).  The issue here is not waiver by failure to seek review by the Appeals Council, however, but waiver by failing to raise the issue before the ALJ. The Ninth Circuit has held that Meanel remains binding with respect to proceedings before an ALJ.  Shaibi v. Berryhill, No. 15-16849, 2017 WL 35980852017, U.S. App. LEXIS 15959, at *17 (9th Cir. Aug. 22, 2017) (finding that failure during administrative hearing to dispute VE testimony on grounds including inconsistency with OOH waived the issue).  Here, plaintiff was represented by counsel and did not raise the vocational issue before the ALJ or the Appeals Council.  This court therefore finds plaintiff's claim relating to the VE testimony is waived.

### B. The ALJ's Rejection Of Plaintiff's Pain Testimony

"In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis."  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); see also Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." (internal quotation marks and citation omitted)).  "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and

convincing reasons for doing so." Lingenfelter, 504 F.3d at 1036 (internal quotation marks and citation omitted); see also Molina, 674 F.3d at 1112; Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Berry, 622 F.3d at 1234 (internal quotation marks and citation omitted); see also Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

In determining plaintiff's credibility, the ALJ failed to present any affirmative evidence that plaintiff was malingering, and was thus required to present "clear and convincing" reasons for not fully crediting plaintiff's testimony. Lester, 81 F.2d at 834.

The court finds that the ALJ did not err in finding plaintiff's pain testimony not fully credible, because she offered specific, clear and convincing reasons for doing so. The ALJ offered three reasons in support of finding that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible": (1) plaintiff's allegations of "visual difficulties were not fully consistent with the treating source records" or her own testimony; (2) plaintiff's "allegation that she could only sit for 30 minutes was refuted by [her] presentation at the hearing…[and] her admitted wide range of activities"; and (3) although plaintiff had "mobility issues with her knee…[her] surgeries appeared to be successful by all medical accounts." AR 24-25.

First, the ALJ found that plaintiff's allegations of visual difficulties were not fully supported by the treating source records or her testimony. In assessing plaintiff's credibility, the ALJ noted that the treating source records indicated that plaintiff had a "bilateral vision of 20/30 with glasses" and at the hearing claimant testified "she had a driver's license and continued to drive suggest[ing] her vision was quite functionally adequate." AR 25. In reviewing the medical records, the court finds that the medical records and plaintiff's testimony adequately supports the ALJ's credibility determination relating to plaintiff's vision. See AR 38-39 (plaintiff testifies her driving license restricts her from driving without her corrective lenses and that on average, she drives her boyfriend's Tahoe twice a week); AR 413-415 (eye examination dated 1/18/2013 indicates corrective lenses give plaintiff a 20/30 vision and that her glaucoma is "stable" and

8

"controlled"). Moreover, plaintiff does not contest the ALJ's finding of plaintiff's visual difficulties. In light of the foregoing, plaintiff has not shown that the ALJ erred in partially discounting plaintiff's credibility based in part upon the inconsistency of plaintiff's allegations of visual difficulties.

Second, the ALJ found that plaintiff's contention that she could only sit for 30 minutes was contradicted by her demeanor at the hearing and her daily activities. Specifically, the ALJ noted:

> Her allegation that she could only sit for 30 minutes was refuted by claimant's presentation at hearing, where she sat in apparent comfort throughout her 59-minute long hearing without arising or excessive shifting in her chair. Her allegation that she spent half of each day in the bathroom was not only inconsistent with her allegation that she could only sit for 30 minutes, it was also inconsistent with her admitted wide range of activities such as preparing meals, going to Walmart and swap meets to shop and going swimming.

AR 25.

Plaintiff contends that at the hearing, the ALJ made a "statement not made on the record that [plaintiff] did not engage in *excessive* shifting- without defining excessive and tacitly conceding some degree of extra-ordinary shifting." ECF No. 14 at 11. While the Ninth Circuit has "disapproved of so-called 'sit and squirm' jurisprudence," an ALJ may properly consider inconsistencies in a claimant's testimony and conduct at the hearing when assessing credibility. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (internal citations omitted). However, "[t]he ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). In this case, the ALJ provided three separate reasons for rejecting plaintiff's testimony regarding the severity of her symptoms, thus the ALJ's observation of plaintiff at the hearing was properly considered as a factor in assessing her credibility.

Moreover, the ALJ also found that plaintiff's daily activities were inconsistent with her allegation that she could only sit for 30 minutes. Evidence that a claimant engaged in certain daily activities can support an adverse credibility determination as long as (1) those activities contradicted the claimant's testimony; or (2) the claimant engaged in those activities for a

substantial portion of the day and they involved skills transferable to the workplace. Orn, 495 F.3d at 639. The ALJ points to a number of plaintiff's activities, which include preparing meals, going to Walmart and swap meets to shop, and going swimming, which partially undermined the credibility of her reported symptoms and limitations. AR 25. The ALJ's description regarding plaintiff's ability to swim mischaracterizes the record. In her function report, plaintiff indicated that she was not able to swim because having to bend her knees and kick her legs causes discomfort and pain. AR 214. However, the ALJ's finding that plaintiff's pain testimony is contradicted by her daily activities is otherwise supported by substantial evidence. The inconsistency of plaintiff's own statements and her activities of daily living were properly considered by the ALJ in evaluating her credibility.

Lastly, the ALJ also found plaintiff's allegations were inconsistent with her medical record. The ALJ noted that her knee surgeries appeared to be "successful by all medical accounts" and that there were no records showing the surgeries failed or needed to be redone, or a recommendation for knee replacement surgery. AR 25. The ALJ further found that after plaintiff's knee surgeries she was able to "stand, walk, and pivot without assistance, did not need an assistive device, and was not a fall risk…[and that] her doctor repeatedly advised [her] to lose weight." AR 25 (citing to Exh. 11F at 34, 40). The ALJ further noted that "no treating doctor [had] opined [plaintiff] had any functional limitations." Id. Although the record does indicate that knee replacement surgery was recommended for plaintiff's left knee, her doctor opined that because plaintiff was overweight it could not be done until plaintiff reduced her weight. AR 509. Moreover, the ALJ took into consideration that even if plaintiff was limited to using the walker with a seat and wheels, lifting/carrying 10 pounds occasionally, standing/walking approximately 2 hours, performing simple/routine tasks, and being able to be off task 5-7% of the workday one or two times a month, the VE testified there would still be jobs available plaintiff could perform. AR 67. The ALJ did not err in partially discrediting plaintiff's testimony for being inconsistent with her medical record. Even if consideration of this factor was error, it was harmless in light of the other reasons given for the credibility assessment.

In accordance with the foregoing, the court finds that the ALJ provided specific, clear, and

convincing reasons for finding plaintiff's testimony not fully credible, reversal is not warranted.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is GRANTED; and

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: September 19, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE