UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA GANDARA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:16-cv-01191 AC<br><br><br>ORDER |

This case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Plaintiff has moved for reconsideration of the court's order denying her motion for summary judgment, granting the Commissioner's cross-motion for summary judgment, and entered judgment for the Commissioner. ECF No. 19. For the reasons discussed below, the court will deny plaintiff's motion.

## I. LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

1

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)). However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II. PROCEDURAL BACKGROUND

On June 1, 2016, plaintiff filed this action seeking reversal of the Commissioner's decision to deny her benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. ECF No. 1. On September 19, 2017, the court denied plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and entered judgment for the Commissioner. ECF No. 17.

The court found that the Administrative Law Judge ("ALJ") did not err in its treatment of the Vocational Expert's ("VE") testimony. ECF No. 17 at 6-7. Plaintiff failed to identify authority for the proposition that "an ALJ must *sua sponte* identify and take administrative notice of the educational requirements in the [Occupational Outlook Handbook ("OOH")], compare them with the VE's hearing testimony, and determine any inconsistencies." Id. at 6. Although an ALJ's failure to "ascertain, weigh, and resolve conflicts between the DOT and the testimony of a VE" constitutes error, the court found that this rule did not equally apply to the OOH. Id. at 6-7. The court further found that the issue regarding the VE's testimony was waived because plaintiff, proceeding with counsel during the administrative proceedings, had failed to raise this issue before the ALJ or the Appeals council. Id. at 7 (citing Shaibi v. Berryhill, No. 15-16849, 2017 WL 3598085, 2017 U.S. App. LEXIS 15959, at *17 (9th Cir. Aug. 22, 2017).[1] The court also found that the ALJ did not err in discrediting plaintiff's pain testimony because she offered specific, clear and convincing reasons for doing so. ECF No. 17 at 7-11.

////

---

[1] Subsequently published at 870 F.3d 874 (9th Cir. 2017).

2

On October 5, 2017, plaintiff moved to alter or amend the court's judgment. ECF No. 19. The motion argues only the first Allstate ground, contending that the court's reliance on Shaibi "rests on manifest error by finding the primary issue of error waived based upon a decision of the Ninth Circuit that neither party had an opportunity to brief and which is currently the subject of a petition for rehearing or rehearing en banc." ECF No. 19 at 3. The Commissioner opposes the motion for reconsideration. ECF No. 20. Plaintiff has submitted notices of authority, ECF Nos. 20, 24, the Commissioner has responded, ECF No. 22, and plaintiff has replied, ECF No. 23.

### III. ANALYSIS

Having reviewed the authorities presented, the court concludes that its previous finding that the ALJ was not required to resolve conflicts between the VE testimony and the OOH, and that this issue was in fact waived, is consistent with Ninth Circuit law and does not constitute manifest error. The undersigned relied on Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999), and Shaibi v. Berryhill, 870 F.3d 874 (9th Cir. 2017), for the proposition that a claimant who was represented by counsel and had failed to raise this issue at her administrative proceeding, had waived the vocational issue. See ECF No. 17 at 7.

In Meanel, the Ninth Circuit held:

> [A]t least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. The ALJ, rather than this Court, was in the optimal position to resolve the conflict between Meanel's new evidence and the statistical evidence provided by the VE. We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice, which will not occur here.

Meanel, 172 F.3d at1115 (9th Cir. 1999), as amended (June 22, 1999). Shaibi reaffirmed this holding. See Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2018)[2] (Meanel remains binding with respect to presentation before ALJ in order to preserve issue for judicial review.)

Plaintiff now urges the court to reverse its decision, contending that Shaibi "does not compel a finding of waiver as to the occupational requirements found in the OOH." ECF No. 19 at 5. However, nothing in Shaibi requires this court to address an issue that was not raised before

---

[2] The opinion on which the undersigned initially relied was later amended and superseded on denial of rehearing by Shaibi v. Berryhill, 883 F.3d 1102 (9th Cir. 2018).

the ALJ by plaintiff's counsel. This court is bound by *all* Ninth Circuit decisions where there is no intervening legislation, Supreme Court decision or en banc Ninth Circuit decision irreconcilably to the contrary. See Baker v. Delta Air Lines, Inc., 6 F.3d 632, 637 (9th Cir. 1993) (Ninth Circuit decisions are binding "unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions") (internal quotation marks omitted); Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 933 (9th Cir. 2013) (prior circuit authority "is controlling absent any clearly irreconcilable intervening higher authority") (citing Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc)).

Plaintiff's motion offers no basis for reconsideration other than disagreement with the court's decision which is insufficient to re-open the judgment. Moreover, the court has already rejected the argument plaintiff offered in her reply brief on summary judgment. See ECF Nos. 16 at 4-5; 17 at 7. Because plaintiff's motion recapitulates arguments previously made before the court, it must be denied. See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration simply recapitulate her original argument").

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's Motion to Alter or Amend Judgment (ECF No. 19), is DENIED.

DATED: January 2, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4